**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

ROBERT BOYD                                                    PETITIONER

v.                                    CIVIL ACTION NO.:  1:13cv152-SA-DAS

JERRY GIFFORD, et al.                                        RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Boyd, Mississippi prisoner no. 59357, has filed a pro se federal habeas

petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for felony

shoplifting.  Having considered the submission of the parties, the State court record, and the law

applicable to Petitioner's claims, the Court finds that the petition should be denied, for the

reasons that follow.

### Background Facts and Procedural History

Petitioner was convicted of felony shoplifting in the Circuit Court of Oktibbeha County,

Mississippi, and was sentenced as an habitual offender to serve a term of five years in the

custody of the Mississippi Department of Corrections.  (*See* SCR vol. 1, 53-54).[1]  Through

counsel, Petitioner appealed his conviction and sentence.  Petitioner alleged that the trial court

erred in denying his motion for a new trial, as the verdict was against the overwhelming weight

of the evidence.  The Mississippi Court of Appeals affirmed Petitioner's conviction and

sentence.  (Answer, Ex. A); *see also Boyd v. State*, 902 So. 3d 652 (Miss. Ct. App. 2012) (Cause

No. 2011-KA-457-COA).

---

[1]  Petitioner was also sentenced to attend "the long term drug and alcohol treatment
program" during his time in custody.  (SCR vol. 1, 53-54).  A fine was also imposed.  (*Id.*).

1

Aggrieved of this decision, Petitioner, proceeding pro se, sought permission to proceed in the trial court with a petition for post-conviction collateral relief. The Mississippi Supreme Court denied Petitioner permission to proceed with a post-conviction motion. (*See* Answer, Ex. B). Petitioner filed the instant petition on or about August 14, 2013, raising the following claims, as paraphrased by the Court:

I. Petitioner's indictment was improperly amended.

II. Ineffective assistance of counsel

    A. Counsel did not object to the prior conviction in Cause No. 03-3433, which was used to enhance his current sentence, on the basis that Petitioner had not been to court that year.

    B. Counsel did not show Petitioner the security video until the day his indictment was amended.

    C. Counsel did not communicate with Petitioner prior to the amendment.

    D. Counsel did not explain what the amendment would mean.

    E. Counsel did not object to the indictment or its amendment.

    F. Counsel did not file any motions in the trial court.

    G. Counsel allowed Petitioner's case to be postponed in Municipal Court and would not request a dismissal.

    H. Counsel did not review the security tape with Petitioner until the date of the preliminary hearing, at which point Petitioner was unable to obtain a plea deal.

    I. Counsel did not object on the basis that Petitioner was never properly sentenced because the words "I hereby sentence you" were not used.

    J. Counsel did not object to the sentence on the basis of cruel and unusual punishment.

## Legal Standard

The Court's review of Petitioner's claims is governed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or identify the correct governing law but misapply it to the case. *Id*. at 407. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both incorrect *and* unreasonable. *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A reviewing habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## Discussion

### I. Amended Indictment

3

Petitioner first claims that the indictment against him was improperly amended to charge him as an habitual offender, as the amended portion of the indictment came after "against the peace and dignity of the State." (ECF no. 1, 18). He maintains that everything after that concluding phrase should have been void, thereby rendering his charge improper.

The Mississippi Supreme Court found this claim barred on post-conviction collateral review because Petitioner did not object to the indictment at trial. (*See* Answer, Ex. B). The Court notes that federal habeas review of a claim barred in State court for the prisoner's failure to satisfy a state procedural requirement bars federal habeas review of the claim if the procedural rule is independent and adequate to support the judgment. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). It is the petitioner's burden to demonstrate that the rule is inapplicable. *Id.* The Court finds that Petitioner has not shown an inconsistent and irregular application of the bar imposed by the Mississippi Supreme Court and has thus defaulted this claim pursuant to an independent and adequate State procedural rule.

Petitioner can obtain federal habeas review of a defaulted claim by demonstrating cause for the default and actual prejudice as a result, or that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "Cause" in this context is something external to the petitioner that cannot be fairly attributed to him. *Id.* at 753. While attorney error may constitute "cause" in some instances, attorney error that is not constitutionally ineffective will not excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As discussed more fully in Section II.A. and II.E., *infra*, counsel did not perform ineffectively in choosing not to object to the indictment. Accordingly, Petitioner may not rely on a claim of ineffective assistance of counsel to vitiate the bar.

4

Neither will the failure to consider the merits of this claim result in a fundamental miscarriage of justice. The "miscarriage of justice" exception is confined to cases of actual innocence where the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation and internal quotation marks omitted). A petitioner claiming this exception must present new, reliable evidence and show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner does not satisfy this standard, and his claim is procedurally barred.

The Court otherwise notes that Petitioner's claim involves an issue of statutory construction that does not affect a constitutional right. The Mississippi Supreme Court has stated "that the inclusion of the habitual offender portion of an indictment after the words 'against the peace and dignity of the State of Mississippi' does not affect a fundamental right and may be waived on appeal." *Ross v. State*, 954 So. 2d 968, 1015 (Miss. 2007) (citation omitted). Petitioner is not entitled to habeas relief on the basis of this claim.

## II.  Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *See, e.g.,Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) his trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient

5

performance prejudiced his defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (ineffective assistance of counsel claims analyzed under *Strickland* framework). The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *See Strickland*, 466 U.S. at 397; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998); *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990). In a case where the state court has rejected the merits of a petitioner's ineffectiveness claim, the "pivotal question" in a federal habeas proceeding "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011) (citations omitted).

## A.  Failure to object to prior conviction

At trial, Petitioner's indictment was amended to reflect his habitual status. Two prior convictions were listed in the amended indictment to support the habitual offender enhancement: a felony shoplifting conviction in the Circuit Court of Oktibbeha County, Mississippi, in cause number 2006-311-CR, on October 24, 2006; and a second-offense shoplifting conviction in the Municipal Court of Starkville, Mississippi, in cause number 03-3433 on December 4, 2009.[2] Petitioner claims that trial counsel rendered ineffective assistance in failing to object to the use of Petitioner's prior conviction in Starkville Municipal Court cause number 03-3433 to amend his indictment, as he claims that he was not the defendant in that case.  (ECF no. 1, 21).

Petitioner's counsel did notify the court that Petitioner denied being the defendant in Municipal Court case number 03-3433.  (SCR vol. 2, 11-12).  The trial court stated that

---

[2]  The indictment also erroneously listed the Oktibbeha County conviction as a "second offense" shoplifting and the Municipal Court conviction as a "first-offense" shoplifting.  (*See* SCR vol. 2, 8-9).

Petitioner could challenge the conviction under oath at trial. (*Id.* at 12). The conviction was not mentioned at Petitioner's sentencing hearing. After being sentenced, however, the trial judge asked Petitioner "[a]nd you're not disputing you've got any of the prior felonies, right? It's not the wrong person?" (SCR vol. 3, 190). Petitioner responded, "No, sir." (*Id.*).

Petitioner cannot demonstrate that counsel performed deficiently, as counsel alerted the trial court to Petitioner's objection to the use of the Municipal Court conviction to amend his indictment. Additionally, he was not prejudiced, as Petitioner admitted that he was the individual convicted and sentenced in the prior cases on which the trial court relied. Moreover, proof was presented that Petitioner had four separate prior convictions for shoplifting, and only two were required to establish his status as an habitual offender. (SCR vol. 1, 4, 6; SCR vol. 2, 7-15; SCR vol. 3, 178-181, 186); *see also* Miss. Code Ann. § 99-19-81. The Court finds that the Mississippi Supreme Court was not unreasonable in finding that Petitioner's allegation failed to warrant relief under *Strickland*, and habeas relief on this claim is denied.

## B. Grounds B and J: Procedurally barred claims

In Grounds B and J, Petitioner raises two claims that have never been presented to a State court. Specifically, in Ground II.B., Petitioner claims that counsel did not show him the security video until the day his indictment was amended. In Ground II.J., he maintains that counsel rendered ineffective assistance in failing to object to the sentence on the basis of cruel and unusual punishment. Petitioner failed to present these claims on appeal or in a post-conviction motion. Therefore, he waived the opportunity to have the Mississippi Supreme Court consider the claims on their merits, and he has defaulted the claims for purposes of federal habeas review. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *see also Finley v. Johnson*, 243 F.3d 215,

220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Petitioner must show cause and prejudice, or that a fundamental miscarriage of justice would occur if the Court fails to consider these claims, in order for the Court to reach the merits of the claims. *See Coleman*, 501 U.S. at 750. The Court finds that neither exception is applicable in this case. Petitioner has not identified any "external impediment" that would have prevented him from raising these claims in State court. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). The Court notes that Petitioner represented himself in his post-conviction proceedings, so attorney error cannot explain his failure to present the claims. Additionally, Petitioner has not alleged that a fundamental miscarriage of justice would result from the failure to consider these claims on their merits, and the Court finds the exception inapplicable. Accordingly, the claims raised in Grounds II.B. and II.J. are barred from federal habeas review.

## C. Failure to communicate

Petitioner alleges that counsel rendered ineffective assistance in failing to communicate with him prior to the amendment of the indictment against him. In support of his claim, he attaches to his petition several letters from the Mississippi Bar Association's Consumer Assistance Program that are copied to Petitioner's attorney and encourage communication between Petitioner and his attorney. (ECF no. 1, 29-32).

First, the Court notes that there is no evidence of whether Petitioner's attorney contacted Petitioner after receiving the letters. Second, Petitioner has not demonstrated how the

8

amendment of his indictment would have turned out differently absent the alleged failure by counsel. The Court finds Petitioner's argument conclusory and insufficient to support his claim. *See Schlang v. Heard*, 691 F.2d 796, 799 (5ᵗʰ Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5ᵗʰ Cir. 1983). Petitioner has failed to demonstrate that the Mississippi Supreme Court was unreasonable in finding this allegation failed to warrant relief under *Strickland*, and habeas relief is denied.

**D. Failure to explain consequences of amendment**

Petitioner claims that his attorney did not explain to him what an amendment to his indictment would mean to his case. Petitioner offers no argument or proof in support of his claim. The Court finds Petitioner's argument conclusory and insufficient to support his claim. *See Schlang*, 691 F.2d at 799; *Ross*, 694 F.2d at 1012. Petitioner has failed to demonstrate that the Mississippi Supreme Court was unreasonable in finding this allegation failed to warrant relief under *Strickland*, and habeas relief is denied.

**E. Failure to object to the indictment or its amendment**

Petitioner maintains that his attorney rendered ineffective assistance in failing to object to the indictment or to its amendment. He alleges that trial counsel should have objected that the indictment did not conclude with the phrase "against the peace and dignity of the State of Mississippi."

In relevant part, the Mississippi Constitution reads: "The style of all process shall be 'The State of Mississippi,' and all prosecutions shall be carried on in the name and by authority of 'The State of Mississippi,' and all indictments shall conclude 'against the peace and dignity

9

of the state.'" Miss. Const. art. 6, § 169. In *Brandau v. State*, 662 So. 2d 1051 (Miss. 1995), the Mississippi Supreme Court held that "the formal defect [in an indictment] is curable by amendment. It follows, therefore, that it is subject to waiver for the failure to demur to the indictment in accordance with our statute." *Id*. at 1055.

Assuming, *arguendo*, that counsel was deficient for not challenging the indictment based on § 169 of the Mississippi Constitution, the Court determines that Petitioner cannot demonstrate prejudice by the choice, as the defect was curable by amendment. If Petitioner's attorney had objected to the indictment, the State could have simply moved to amend the indictment to move the phrase "against the peace and dignity of the state" to the end of the indictment. The Mississippi Supreme Court noted this on post-conviction review, stating that "any such flaw in the indictment could have ben cured by an amendment at trial. (*See* Answer, Ex. B).

However, it appears that Petitioner's indictment was properly amended. He was initially charged with felony shoplifting pursuant to Miss. Code Ann. § 97-23-93 (SCR vol. 1, 4). Section six of the statute provides that "[u]pon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony and fined not more than Five Thousand Dollars ($5,000.00), or imprisoned for a term not exceeding five (5) years, or by both such fine and imprisonment." Miss. Code Ann. § 97-23-93(6). Petitioner's original indictment listed his prior convictions for shoplifting second offense and shoplifting first offense. (SCR vol. 1, 4). Prior to trial, the State moved to amend the indictment, and a hearing was held on the motion. (*See* SCR vol. 1, 23). The trial court ordered that the indictment be amended to "include the defendant's other felony convictions for the purposes of showing the Defendant's Habitual Offender status pursuant to 99-19-81 M.C.A. (1972), and Shoplifting Enhancement on the convictions occurring prior to

10

March 25, 2010, pursuant to 97-23-93 M.C.A., (1972) herein[.]"  (SCR vol. 1, 6).  The trial court

also ordered the indictment be amended to correct the date of the offense, the word "t-shirt" to

"shirt," and "to correct the conviction in Cause #2006-0311-CR from 'Shoplifting 2nd Offense' to

'Felony Shoplifting' and to correct the conviction in Docket #03-3433 from 'Shoplifting 1st

Offense' to 'Shoplifting 2nd Offense'[.]."  (*Id.*).

Mississippi Uniform Circuit and County Rule 7.09 states the following regarding

amendments to an indictment:

> All indictments may be amended as to form but not as to the substance of the
> offense charged.  Indictments may also be amended to charge the defendant as an
> habitual offender or to elevate the level of the offense where the offense is one
> which is subject to enhanced punishment for subsequent offenses and the
> amendment is to assert prior offenses justifying such enhancement (e.g., driving
> under the influence, Miss. Code Ann. § 63-11-60).  Amendment shall be allowed
> only if the defendant is afforded a fair opportunity to present a defense and is not
> unfairly surprised.

Amendment was proper under the above-stated rule.  Also, during the pretrial hearing,

the State noted that the "pen-packs" documenting Petitioner's prior convictions had been

provided to the defense during the prior court term.  (SCR vol. 2, 16).  Following sentencing, the

trial judge stated to Petitioner:  "I'm satisfied that you were told in October, that, you know,

come January they were going to file a motion to amend the indictment to try you as a habitual

offender."  (SCR vol. 3, 190).

Based on the record in this case, it is apparent that Petitioner was aware of the fact that he

had multiple prior convictions for shoplifting, and that the State intended to amend his

indictment.  Therefore, any objection to the amendment of the indictment would have been

without merit, and the failure to raise a meritless objection does not support  a claim of

ineffective assistance of counsel.  *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to

11

raise meritless objections is not ineffective lawyering; it is the very opposite.")  Therefore, Petitioner has not demonstrated that the Mississippi Supreme Court was unreasonable in rejecting this claim under *Strickland*, and he is not entitled to federal habeas relief on this claim.

**F. Failure to file motions in the trial court**

Petitioner maintains that, because counsel failed to file motions before and during his trial, he was not able to pursue motions for "speedy trial, quash indictment and reinstate preliminary hearing and suppress statement[.]"  (ECF no. 1, 22).  Petitioner has not presented any argument or evidence to demonstrate that such motions were warranted.  Petitioner's conclusory allegations fail to raise a constitutional issue.  *See Schlang*, 691 F.2d at 798.  Counsel is not required to file futile motions.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Therefore, Petitioner has not demonstrated that the Mississippi Supreme Court was unreasonable in rejecting this claim under *Strickland*, and he is not entitled to federal habeas relief on this claim.

**G. Failure to bring to trial timely and failure to ask for dismissal**

Petitioner complains that "[i]n Municipal Court (Starkville, MS - Oktibbeha County) my attorney allowed my case to be postponed 4 times and I could not get him to ask for a dismissal."  (ECF no. 1, 22).  In this case at bar, Petitioner was indicted in the Circuit Court of Oktibbeha County, Mississippi, on July 14, 2010.  (SCR vol. 1, 4).  Two orders of continuance were entered, and Petitioner's trial commenced on January 26, 2011.  (*See* SCR vol. 1, 1; SCR vol. 2, 19).   The record does not suggest that counsel was ineffective in having Petitioner brought to trial.  The Court finds that Petitioner has failed to demonstrate that the Mississippi Supreme Court was unreasonable in finding this allegation failed to warrant relief under *Strickland*, and

habeas relief on this claim is denied.

**H.  Failure to produce surveillance video prior to preliminary hearing**

Petitioner was accused of shoplifting from a Book Mart in Starkville, Mississippi.  A surveillance video from that store shows a man, identified as Petitioner, rolling up two shirts and stuffing them in his pants.   Petitioner argues that he was not shown the surveillance video of him shoplifting until the day of his preliminary hearing, and that no plea offer was available to him by that date.  The Court construes Petitioner's argument to be that counsel's alleged delay prevented him from obtaining a plea deal.

Following his sentencing, Petitioner indicated that he denied the plea offer made to him in a previous term of court, as he had not at that time seen the surveillance film.  (SCR vol. 3, 190).   He indicated that he asked for a plea in the second term.  (*Id.*).  The judge responded: "[w]ell, at some point, the State gets to say, we'll withdrawing it and we're just going to go to trial.  I mean, that's the power they have.  You have the power not to take the plea.  But then they have the power to withdraw it and say fine.  We're just going to go to trial." (*Id.*).   There is no evidence in this case that Petitioner's attorney somehow prevented him from obtaining a plea deal, or that the State was willing to offer Petitioner a plea when the case went to trial.  The Court finds that Petitioner has failed to demonstrate that the Mississippi Supreme Court was unreasonable in finding this allegation failed to warrant relief under *Strickland*, and habeas relief on this claim is denied.

**I.  Failure to object to Petitioner's sentence**

Petitioner maintains that trial counsel failed to object to the fact that Petitioner was not properly sentenced.  Specifically, he notes that the trial judge never spoke the words "I hereby

sentence you."  He also maintains that the sentence was cruel and unusual because the judge

sentenced him "to no earned time no weekend passes which is left up to M.D.O.C."  (ECF no. 1,

23).

Petitioner was indicted for and convicted of a crime under Miss. Code Ann. § 97-23-93,

which provides for a $5,000 fine, a five year sentence of imprisonment, or both, upon a third or

subsequent shoplifting conviction.  Evidence was introduced at Petitioner's trial to demonstrate

that this was at least his third shoplifting offense.  (SCR vol. 3, 178, 186; SCR vol. 1, 4, 6).  He

was sentenced as an habitual offender pursuant to Miss. Code Ann. § 99-19-81, and evidence

supporting his prior convictions was presented at the sentencing hearing.  (SCR vol. 3, 181-85).

Petitioner's sentencing order reads, in part, that "the Defendant is hereby sentenced to serve a

term of five (5) years in the Mississippi Department of Corrections, such sentence shall not be

reduced or suspended, nor shall said Defendant be eligible for weekend passes, parole,

probation, or early release of any kind."  (SCR vol. 1, 54; *see also* SCR vol. 3, 189).

Petitioner was properly sentenced.  Petitioner cannot demonstrate that the Mississippi

Supreme Court was unreasonable in finding that this allegation failed to warrant relief under

*Strickland*, and he is not entitled to habeas relief on this claim.

**Certificate of Appealability**

Petitioner must obtain a certificate of appealability ("COA") before appealing this

Court's decision denying federal habeas relief.  28 U.S.C. § 2253(c)(1).  A COA will not issue

unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any

claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. §

14

2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 10th day of December, 2013.

 /s/ **Sharion Aycock**
**U.S. DISTRICT JUDGE**